IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JORGE MARTINEZ<br>Plaintiff<br>vs<br>MARY E. PETERS, Secretary United States Department of Transportation, Federal Motor Carrier Safety Administration<br>Defendant | CIVIL 08-1307CCC |

## OPINION AND ORDER

Plaintiff Jorge Martínez brought this action under Title VII of the Civil Rights Act of 1964 against the U.S. Department of Transportation (DOT) and its Secretary Mary E. Peters seeking damages for allegedly having suffered discriminatory treatment because of his race, color and national origin. Among the myriad of discriminatory acts described in the complaint, plaintiff avers that

> [s]ince July 27, 2006, and continuing to the present, the DOT has failed to respond to [his] request for "home leave," to which he is entitled as a United States citizen stationed at an overseas post (*i.e.*, Puerto Rico). On the other hand, other similarly situated employees, who are not of [his] protected groups, are authorized and approved to take "home leave."

Complaint (docket entry 2), p. 9, ¶ 5.4.J (hereinafter the "home leave claim.")

Defendants moved to dismiss the home leave claim (**docket entry 10**) by simply relying on the regulations that govern the bestowal of said benefit. See 5 C.F.R. §630.601, et. seq. A copy of §630.01 was attached to their motion. According to their interpretation of the applicable regulations, plaintiff is not eligible to receive that benefit. Plaintiff opposed the dismissal requested (docket entry 13), reasserting his right to home leave as a matter of law. He also averred that his right to home leave had been recognized by agency personnel up to the moment of the filing of his discrimination complaint before the agency's Equal Employment Opportunity office, and in support of said allegation made reference to a series of e-mails from agency personnel, later submitted (see docket entry 15), which he

CIVIL 08-1307CCC                                  2

reads as recognizing his entitlement to home leave. Included as well were four "Certifications" by employees of the Federal Highway Administration which claimed to have been transferred/reassigned to Puerto Rico from the mainland and been provided with the home leave benefit. The United States replied to plaintiff's opposition (docket entry 21), and also supported it with several documents which included excerpts from plaintiff's deposition and various decisions by the U.S. Comptroller General regarding eligibility to home leave benefits. Plaintiff sur-replied in similar fashion (docket entry 26), and among the many documents attached were more e-mails memorializing the efforts conducted by him to obtain the home leave benefit and the corresponding responses by agency officials.

Given the many documents submitted in the opposition, reply and sur-reply, the Court informed the parties on September 11, 2009 (docket entry 27) that it would treat the dismissal motion as one for summary judgment under Fed.R.Civ.P. 56 and allowed them until September 30, 2009 to supplement their submissions if deemed necessary. The United States did so (docket entry 29), but only to argue that plaintiff had failed to submit evidence establishing that he was in fact discriminated against when the agency allegedly failed to grant him his claimed home leave entitlement. We agree and start with a discussion of the law. Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Once the moving party avers the absence of genuine issues of material fact, the nonmovant must show that a factual dispute does exist, but summary judgment cannot be defeated by relying on improbable inferences, conclusory allegations, or rank speculation." Ingram v. Brink's, Inc., 414 F.3d 222, 228-29 (1st Cir.2005). In Title VII discrimination actions claiming disparate treatment, such as this one, courts ordinarily proceed under the three-step, burden-shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See Clifford v. Barnhart, 449 F.3d 276,

CIVIL 08-1307CCC                                    3

280 (1st Cir.2006). First, the plaintiff must establish, by a preponderance of the evidence, a prima facie case of discrimination. See Kosereis v. Rhode Island, 331 F.3d 207, 212 (1st Cir.2003). Second, if the plaintiff makes out this prima facie case, the defendant must articulate a legitimate, nondiscriminatory explanation for its actions. See id. Third, if the defendant carries this burden of production, the plaintiff must prove, by a preponderance, that the defendant's explanation is a pretext for unlawful discrimination. See id.

      We have carefully reviewed all of the documentary evidence submitted by both parties with specific attention to the e-mails and "Certifications" submitted by plaintiff, and conclude that, aside from plaintiff's much repeated argument that he was treated unfairly with regard to the home leave benefit, there is absolutely no basis on the record to support such claim. Simply put, there is not an iota of evidence suggesting that others "similarly situated to him in all relevant respects were treated differently by the employer." Id., at p. 214. If anything, the evidence seems to suggest otherwise, as the "certifications" of the four employees who averred to have been awarded home leave (Exh. A to docket entry 15 and Exhs. XYZ to docket entry 26), all of whom plaintiff admitted were Hispanic and Puerto Rican like him (see Sur-reply brief (docket entry 26), at p. 13, ¶ 44), only serve to establish that employees in his same protected class were awarded that particular benefit. The e-mails (Exh. H to docket entry 15 and Exhs. J, N, Q, R, S & W to docket entry 26) do not advance plaintiff's position either. When stripped of plaintiff's subjective self-serving characterization of them as a reflection of the agency's discriminatory animus, they merely show that, since at least 2004, he sought without apparent success that the agency recognize his entitlement to home leave until he was finally instructed in September 11, 2006 to discuss his request with his "chain of command." Plaintiff engages in much speculation and raises suspicion. There is absolutely nothing in those e-mails, however, suggesting that the agency's failure to act promptly on his request for home leave was based on a discriminatory animus. If anything, what the e-mails reveal is that the agency

CIVIL 08-1307CCC	4

officials contacted by plaintiff had no clue as to what to do with his home leave request. This is a far cry from imputing that their delay in responding to plaintiff's inquiries was actually the result of discrimination against him.

In sum, to survive a defendant's motion for summary judgment on a discrimination claim, a plaintiff must produce sufficient evidence to create a genuine issue of fact as to two points: 1) the employer's articulated reasons for its adverse actions were pretextual, and 2) the real reason for the employer's actions was discriminatory animus based on a protected category. See Quiñones v. Buick, 436 F.3d 284, 289-90 (1st Cir. 2006); Feliciano de la Cruz v. El Conquistador Resort, 218 F.3d 1, 6 (1st Cir. 2000). As plaintiff has failed to make both showings, his Title VII discrimination claim on the home leave benefit fails.

For the reasons stated, defendant's Motion to Dismiss (**docket entry 10**) is GRANTED. Partial judgment will be entered DISMISSING plaintiff's home leave claim.

SO ORDERED.

At San Juan, Puerto Rico, on March 26, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge